EDGARDO BEAUCHAMP, demandante y recurrente, *v.* HOLSUM BAKERS OF PUERTO RICO, INC., demandado y recurrido.

*Número:* R-85-175          *Resuelto:* 28 de junio de 1985

■■■■■■

■■■■■■

■■■■■■

■■■■■■

■■■■■■

*Luis Roberto Santos,* de *Santos & Báez,* abogado del recurrente; *Enrique Bray,* de *Domínguez & Totti,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

■ El presente recurso plantea si como parte del sueldo debe incluirse lo devengado por concepto de comisiones al computarse la mesada y la indemnización progresiva adicional reconocida por ley a un empleado contratado sin tiempo determinado que es despedido sin justa causa. Resolvemos en la afirmativa. Resolvemos además, que el derecho a paga por vacaciones, una vez reconocido por el patrono, no puede hacerse inefectivo si por exigencias del servicio se impide al empleado disfrutar dichas vacaciones.

I

El aquí recurrente fue despedido de su empleo por su patrono Holsum Bakers of Puerto Rico, Inc., tras dieciséis años

de haber trabajado para dicha empresa en calidad de ejecutivo. Instó querella judicialmente contra el patrono en que alegó que su despido fue injustificado y reclamó el pago de los beneficios dispuestos por la Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. secs. 185a–185e). Contestada la querella y negadas sus alegaciones esenciales, fue el pleito a juicio y recayó la sentencia que es objeto del recurso ante nuestra consideración.

Concluyó el tribunal de instancia que el despido del querellante no estuvo justificado. Determinó que a base de un sueldo semanal de $305 que devengaba, tiene derecho, como mesada, a la cantidad de $1,311.50 y como indemnización adicional, a la cantidad de $4,880, (¹) para un total de $6,191.50. Denegó el reclamo del querellante de que al computarse el sueldo semanal debió sumarse lo que devengaba por concepto de comisiones, ascendentes a $200 semanales. Se negó, además, el tribunal a disponer el pago de vacaciones acumuladas durante el año 1982 que el querellante no disfrutó, según alega, por necesidades de la empresa.

El querellante ha reproducido ante nos los mencionados planteamientos. La recurrida ha comparecido mediante escrito de oposición. Hemos tenido el beneficio de los argumentos de ambas partes y resolvemos sin más trámite, conforme lo autoriza la Regla 50 del Reglamento de este Tribunal.

## II

Atendemos en primer lugar el planteamiento sobre si la remuneración por concepto de comisiones forma parte del sueldo a los fines de los cómputos dispuestos por la citada Ley Núm. 80.

---

(¹) El cómputo se hizo así: $305 (sueldo semanal) multiplicado por 4.3 (semanas en un mes) es igual a $1,311.50 (mesada); $305 (sueldo semanal) multiplicado por 16 (años de servicio) es igual a $4,880 (indemnización adicional).

En su Art. 1 (29 L.P.R.A. sec. 185a) dispone:

Todo empleado de comercio, industria o cualquier otro negocio o sitio de empleo designado en lo sucesivo como el establecimiento, donde trabaje mediante *remuneración de alguna clase,* contratado sin tiempo determinado, que fuere despedido de su cargo sin que haya mediado una justa causa, tendrá derecho a recibir de su patrono en adición al sueldo que hubiere devengado:

(a) el sueldo correspondiente a un mes por concepto de indemnización;

(b) una indemnización progresiva adicional equivalente a una semana por cada año de servicio.

Los años de servicio se determinarán sobre la base de todos los períodos de trabajo anteriores acumulados que el empleado haya trabajado para el patrono antes de su cesantía, pero excluyendo aquellos que por razón de despido o separación anterior, le hayan sido compensados o hayan sido objeto de una adjudicación judicial. (Énfasis suplido.)

El Art. 7 (29 L.P.R.A. sec. 185g) dice, a su vez:

La mesada de la compensación y la indemnización progresiva por cesantía sin justa causa provista en la sec. 185a de este título se computará *a base del mayor número de horas regulares de trabajo* del empleado durante cualquier período de treinta días naturales consecutivos dentro del año inmediatamente anterior al despido. (Énfasis suplido.)

Argumenta la recurrida que si tomamos en cuenta la frase "mayor número de horas regulares de trabajo" del transcrito Art. 7, es forzoso concluir "que la mesada estatutaria por despido injustificado comprende solamente el salario fijo devengado por un empleado, que sea fácilmente computable a base de horas trabajadas". No podemos aceptar tan restrictiva interpretación.

La Ley Núm. 80 de 30 de mayo de 1976, que aquí nos ocupa, derogó y sustituye a la Ley Núm. 50 de 20 de abril de 1949 (29 L.P.R.A. secs. 183 a 185), que disponía el pago de una indemnización, que se dio en llamar "mesada", a todo empleado contratado sin tiempo determinado que fuere despe-

dido de su cargo sin justa causa. Ni la ley derogada ni la vigente ley definen el término "sueldo" o "salario". No tuvimos ocasión de expresarnos sobre el particular en relación con la anterior ley. El planteamiento es novel.

■ Nada hemos hallado en el historial legislativo de ambas leyes que nos indique la pauta interpretativa. La exposición de motivos de la Ley Núm. 80, por otra parte, es ilustrativa de su propósito reparador y de la intención legislativa de sustituir la derogada Ley Núm. 50 por un estatuto más liberal. Dice, en su segundo párrafo:

.     .     .     .     .     .     .     .

Ya es tiempo que se proteja de una forma más efectiva el derecho del obrero puertorriqueño a la tenencia de su empleo mediante la aprobación de una ley que a la vez que otorgue unos remedios más justicieros y consubstanciales con los daños causados por un despido injustificado desaliente la incidencia de este tipo de despido.

■ Es de notar, además, que el Art. 1, antes transcrito, si bien hace referencia al "sueldo" del empleado para fines del cómputo de la indemnización, se refiere a la "remuneración de alguna clase", sin hacer limitación, en su oración inicial. Teniendo en cuenta que las leyes con propósito reparador deben interpretarse liberalmente —*Martínez Reyes* v. *Tribunal Superior*, 104 D.P.R. 407 (1975); *cf. Negrón* v. *C.I.T. Fin. Serv.*, 111 D.P.R. 657 (1981); véase *Srio. del Trabajo* v. *I.T.T.*, 108 D.P.R. 536 (1979)— concluimos que el sueldo que se toma como base para el cómputo de la mesada y de la indemnización progresiva adicional dispuesto en el Art. 1 comprende todo tipo de remuneración devengada por el empleado por sus servicios. Lo cobrado por concepto de comisiones necesariamente tiene que ser parte del sueldo.

■ Es propio que por jurisprudencia se suplan lagunas en la ley. *United Hotels of P. R.* v. *Willig*, 89 D.P.R. 188, 196 (1963). Y, a este efecto, es orientador recurrir a otras leyes

*in pari materia* para establecer la justa interpretación. Dispone el Código Civil en su Art. 18 (31 L.P.R.A. sec. 18):

> Las leyes que se refieren a la misma materia o cuyo objeto sea el mismo, deben ser interpretadas refiriendo las unas a las otras, por cuanto lo que es claro en uno de sus preceptos pueda ser tomado para explicar lo que resulte dudoso en otro.

La Ley Núm. 96 de 26 de junio de 1956 (29 L.P.R.A. sec. 246h), sobre salario mínimo, define el concepto "salario" de la siguiente manera:

> .        .        .        .        .        .        .        .
>
> "Salario" incluye sueldo, jornal, *y toda clase de compensación*, sea en dinero, especie, servicios, facilidades o combinación de cualesquiera de ellos; pero no incluirá sino dinero cuando se trate de salario mínimo prescrito bajo las disposiciones de las secs. 245 a 246m de este título, a menos que la Junta disponga o autorice otra cosa. (Énfasis suplido.)

Y la Ley Núm. 379 de 15 de mayo de 1948, sobre horas y días de trabajo, da una definición similar en su Art. 19 (29 L.P.R.A. sec. 288), así:

> "Salario" incluye sueldo, jornal, paga y *cualquier otra forma de retribución pecuniaria*. (Énfasis suplido.)

Nos parece que si el Legislador hubiese querido una definición más restrictiva del referido concepto a los fines de la Ley Núm. 80 de 1976, hubiese dado una definición distinta. Al no especificar una definición, no podemos por interpretación hacerlo nosotros, sobre todo tratándose, como antes señaláramos, de un estatuto remedial o reparador.

Valga señalar, para concluir, que la interpretación administrativa del Secretario del Trabajo parece inclinarse a la misma conclusión a que hemos llegado. En una publicación del Departamento del Trabajo preparada por el Lic. M. Morales Reyes titulada *Guías para la interpretación y aplicación de la Ley Núm. 80, aprobada el día 30 de mayo de 1976*, enero 1979, pág. 51, se dice:

En el caso de los vendedores a comisión, y quizás otros empleados cuyo salario es fluctuante, debe tomarse como base el año, dentro de los tres años inmediatamente anteriores al despido en que tuvieron mayores ingresos y para determinar el monto de la mesada se dividen los ingresos de ese año entre doce. Para determinar el monto de cada semana adicional se divide esa misma suma entre cincuentidós (52).

## III

Pasemos al planteamiento sobre el derecho al pago de vacaciones acumuladas.

El derecho a vacaciones por parte de los empleados ejecutivos de la recurrida Holsum Bakers of Puerto Rico, Inc. está establecido como parte de la política de dicha firma. Este hecho no está en controversia. Dicha política está contenida en un escrito de la mencionada firma, efectivo desde el 3 de enero de 1980, en que se reconoce a todo ejecutivo, empleado de la firma desde antes de la mencionada fecha, el derecho a veinte días de vacaciones con paga cada año.

Se especifica en el mencionado escrito que "los ejecutivos serán elegibles para vacaciones con paga cuando hayan estado en servicio activo con la compañía por espacio de un año"; que las vacaciones "deberán ser *cogidas* a base de un año *calendario*"; (²) que no serán acumulables; que "deben ser cogidas dentro del período de los próximos doce (12) meses siguientes a la fecha de elegibilidad", y que "[s]i las vacaciones no se cogen dentro del período de los doce (12) meses después de la fecha de elegibilidad, se perderá el derecho a las mismas". Aquí se añade a renglón seguido "excepto cuando la compañía lo requiera, y se haya obtenido con anterioridad aprobación por escrito del Presidente".

Luego de despedirlo de su empleo en enero de 1984, la recurrida pagó al recurrente por las vacaciones que acumuló durante el año 1983. Plantea el recurrente que no disfrutó en

---

(²)Énfasis en el original.

1983 de las vacaciones acumuladas en 1982 porque "necesidades de la empresa" se lo impidieron. Reitera ante nos su reclamo de que dichas vacaciones deben serle pagadas.

No estamos en condiciones de resolver si efectivamente el recurrente fue impedido por el patrono de tomar en 1983 las vacaciones que acumuló en 1982. El tribunal sentenciador no hizo determinación alguna sobre ese hecho.

■ Convenimos, sin embargo, en que el derecho a vacaciones reconocido en las normas escritas de la recurrida se haría ilusorio e inefectivo si ésta impidiere su ejercicio. Una vez reconocido ese derecho no puede el patrono obstaculizarlo y de no disfrutarse las vacaciones por exigencias de la empresa, deben pagarse. Interpretamos que ése debe ser el alcance de la cláusula "excepto cuando la compañía lo requiera, y se haya obtenido con anterioridad aprobación por escrito del Presidente". El requisito de aprobación por el Presidente debe tomarse en el contexto de la posible actuación, u omisión, para impedir el ejercicio del derecho. En otras palabras, la negación, sin más, de la autorización escrita por parte del Presidente, no justificada, no podría invocarse para derrotar un derecho reconocido.

## IV

En atención a los razonamientos expresados, *se expedirá el auto de revisión solicitado, se dejará sin efecto la sentencia recurrida en cuanto a la indemnización concedida y la no concesión de paga por vacaciones, y se devolverá el caso al tribunal de instancia para que, en armonía con la prueba aportada por las partes, haga un nuevo cómputo sobre la paga por un mes de sueldo y la indemnización progresiva adicional, tomando en consideración, a los fines de determinar el sueldo del querellante, la remuneración que recibía por concepto de comisiones. Además, para que dilucide y resuelva si el no disfrute de vacaciones acumuladas por el querellante durante el*

*año 1982 fue impedido por exigencias del trabajo, en cuyo caso deberá disponer para el pago de dichas vacaciones.*

La Juez Asociada Señora Naveira de Rodón y el Juez Asociado Señor Hernández Denton no intervinieron.