Rivera Pérez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
¿Es procedente una solicitud de enmienda nunc pro tunc a la sentencia de autos para incluir en su parte dispositiva la compensación adicional dispuesta por ley, por razón de que el querellado no pagó unas comisiones que quedó obligado a pagar como parte de la compensación a que tiene derecho el querellante por su trabajo? Ese es el asunto que esta Curia tiene ante sí para resolver en el presente caso. Se expide revoca la resolución recurrida.
El señor Francisco Caamaño González presentó querella contra el señor Waldo Vázquez Carrucini y su esposa, la señora Margarita Carrucini, h/n/c Arecibo Business Machines y otros, en la cual alegó que trabajó para estos últimos mediante contrato sin término fijo desde agosto de 1986 hasta el 29 de marzo de 1995, desempeñándose como contador de libros ("bookeeper") u oficinista, siendo transferido posteriormente a un puesto de vendedor. Reclamó beneficios por despido injustificado, salarios y vacaciones.
*798 El día 30 de diciembre de 1997, el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Arecibo, dictó sentencia en el caso de autos. Se archivó en autos copia de la notificación de la sentencia el día 22 de enero de 1997 y la misma advino a ser final y firme. Se condenó a la parte querellada a pagar a la parte querellante la suma de $4,036.22 por concepto de mesada, la suma de $11,085 por concepto de vacaciones, más una suma igual por penalidad, para un total de $22,120, y la cantidad $11,669 por concepto de comisiones. Se impuso, además, el pago de la suma de $3,500 por concepto de honorarios de abogado.
El Tribunal de Primera Instancia determinó, como cuestión de hecho, que a la parte querellante se le adeudaba la suma de $11,609 por concepto de comisiones, pues a pesar de que era acreedor a tal pago, por haber sido pactado en su contrato de trabajo, nunca se las pagaron mientras duró la relación de trabajo. 
El Tribunal de Primera Instancia concluyó, como cuestión de derecho, que la reclamación por salarios dejados de percibir conlleva el pago de una penalidad equivalente al doble de lo adeudado. Concluyó, que se considera "como parte del salario del empleado las comisiones que necesariamente tiene [sic] que ser parte del sueldo". Apoya esta última conclusión en lo resuelto por nuestro más Alto Tribunal en Beauchamp v. Holsum Bakers, 116 D.P.R. 522 (1985). Concluyó, además, que en el caso de autos procedía el pago por comisiones y la imposición de la penalidad dispuesta por ley. Sin embargo, no concedió en la sentencia el pago doble en consideración a la penalidad contemplada por ley.
Con fecha del 3 de junio de 1997 la parte querellante presentó ante el Tribunal de Primera Instancia una moción para solicitar enmienda nunc pro tunc a la mencionada sentencia, a los efectos de que se le concediera el pago doble de la suma de $11,669 por concepto de comisiones, en vista de que ese Tribunal había concluido, como cuestión de derecho, sobre la aplicación de la penalidad dispuesta por ley a dicha partida. El 18 de junio de 1997, el Tribunal de Primera Instancia declaró no ha lugar dicha solicitud. Señala la parte peticionaria como error cometido por el Tribunal de Primera Instancia lo siguiente:

"Erró el Tribunal de Instancia al negarse a enmendar la sentencia a pesar de que dicha enmienda está autorizada por la Regla 49.1 de las de Procedimiento Civil vigentes y está fundamentada en la propia sentencia."

II
¿Es obligación del patrono el pagar a su empleado las comisiones pactadas como parte de la compensación de este último por su trabajo? La contestación es en la afirmativa. Veamos.
El sueldo que se toma como base para el cómputo de la mesada y de la indemnización progresiva adicional dispuesto en el Artículo 1 de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, comprende todo tipo de remuneración devengada por sus servicios, incluso lo cobrado por concepto de comisiones. Esto es así por el carácter reparador de esa ley que regula los casos de despido sin justa causa. Tal tipo de estatuto es interpretado liberalmente a favor del empleado. 
Todo obrero o empleado que por su trabajo reciba compensación inferior a la pactada en un contrato individual de trabajo tendrá derecho a cobrar mediante acción civil la diferencia adeudada hasta cubrir el importe total de la compensación que le corresponde por concepto de salario o cualquier otro beneficio, más una cantidad igual a la que haya dejado de satisfacer, por concepto de compensación adicional. 
Independientemente de que las comisiones, bajo las circunstancias de este caso, se consideren parte del salario o no, el pago de las comisiones fue pactado en el contrato de trabajo como otro beneficio a ser recibido por parte del empleado por su trabajo.
Pactado entre el patrono y el empleado el pago de un sueldo y de comisiones como parte de la compensación a recibir el empleado por su trabajo, y no habiéndose satisfecho las mismas en la forma pactada, procede el pago al querellante, aquí recurrente, por parte de la querellada, aquí recurrida, de una cantidad igual, como compensación adicional, a la que dejó de satisfacer por concepto de *799 comisiones ($11,669). Así lo determinó correctamente el Tribunal de Primera Instancia en las conclusiones de derecho formuladas en su sentencia.
¿Es procedente una solicitud de enmienda nunc pro tunc a la sentencia de autos para incluir en su parte dispositiva el pago doble por concepto de la compensación adicional antes indicada? La contestación es en la afirmativa. Veamos. La Regla 49.1 de Procedimiento Civil de Puerto Rico dispone lo siguiente:

"Los errores de forma en las sentencias, órdenes u otras partes del expediente y los que aparezcan en las mismas por inadvertencia u omisión, podrán corregirse por el tribunal en cualquier tiempo, a su propia iniciativa, o a moción de cualquier parte, previa notificación, si ésta se ordenare. Durante la tramitación de una apelación o un recurso de certiorari, podrán corregirse dichos errores antes de elevar el expediente al tribunal de apelación, y posteriormente, sólo podrán corregirse con permiso del tribunal de apelación."

Bajo la Regla 49.1 de Procedimiento Civil, supra, el poder del Tribunal de Primera Instancia se limita a enmendar nunc pro tune errores atribuibles a inadvertencias u omisiones de forma. Están incluidos dentro de esta regla errores mecanografíeos, sobre cálculos matemáticos, nombres erróneos, edad de una persona a ser naturalizada, la designación del año en que las contribuciones fueron impuestas y la adición de costas al procedimiento. Deben ser errores que no puedan considerarse que van a la sustancia de la sentencia, orden o resolución, ni que se relacionan con asuntos discrecionales. 
En Insurance Co. of P.R. v. Tribunal Superior nuestro más Alto Tribunal permitió utilizar esta regla para enmendar una sentencia final y firme que había impuesto honorarios de abogado, para que se reflejara la intención del Tribunal que fue conceder intereses por temeridad. La razón para tal dictamen es obvia, ya que no puede haber una temeridad a los fines de imposición de intereses computados desde la fecha anterior a la sentencia y otra temeridad a los fines de la imposición de honorarios de abogado. 
Esta regla no se puede utilizar como sustituto del recurso de apelación, ni para relevar a una parte de una sentencia. Es decir, alegados errores de derecho no pueden alterarse bajo el palio de ésta, a menos que el error de derecho constituya una circunstancia de acto ministerial y no discrecional. Si el derecho a cierto remedio está claramente sostenido por el récord, la omisión de concederlo es subsanable mediante una enmienda nunc pro tune, por ser un error de forma 
No hay duda alguna que el derecho al remedio reclamado por el querellante, aquí recurrente, a los efectos que se le conceda la compensación adicional dispuesta por ley, que asciende a la suma de $11, 669, está claramente sostenido en las propias determinaciones de hechos y conclusiones de derecho del Tribunal de Primera Instancia. Concluimos que la omisión de concederlo en la parte dispositiva de la sentencia es subsanable mediante una enmienda nunc pro tune, por ser un error de forma.
III
Por los fundamentos antes expuestos, se expide el auto solicitado, se revoca la resolución recurrida y se concede la enmienda nunc pro tune en la forma solicitada. Se ordena al Tribunal de Primera Instancia que emita sentencia enmendada de conformidad a lo aquí dispuesto.
Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 29
1. Apéndice II, págs. 3-11 de la petición de certiorari.
2. Véase la determinación de hechos número diez (10) de la sentencia dictada.
3. Véase el apartado número cuatro (4) de las conclusiones de derecho de la sentencia.
*800 4. Apéndice IV, págs. 12-13, supra.
5. Apéndice I, pág. 1, supra.
6.29 L.P.R.A. § 185 (a) y ss.
7. Beauchamp v. Holsum Bakers of P.R., supra.
8. 29 L.P.R.A. § 246b. (a).
9. 32 L.P.R.A., R. 49.1, Ap. III.
10. Cuevas Segarra, Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones J.T.S., 1979, Vol. II, pág. 265.
11.100 D.P.R. 405,409-410 (1972).
12. Cuevas Segarra, supra, pág. 265.
13. Ibid, pág. 266; Scola v. Boat Frances R. Inc., 618 2d 147, 152-153 (1980).
14. Security Ins. Co. v. Tribunal Superior, 101 D.P.R. 191, 205-206 (1973).