ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| WILBERTO ORTIZ RUIZ<br><br>Apelante<br><br><br>v.<br><br><br>PEP BOYS MANNY MOE & JACK OF PR INC. Y OTROS<br><br>Apelada | KLAN202301144 | Apelación procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Civil Núm.: CG2022CV00818<br><br>Sobre: Despido Injustificado; Alegadas Represalias; Alegada Difamación; Reclamación de Daños y Perjuicios |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico a 9 de febrero de 2024.

Comparece Wilberto Ortiz Ruiz, en adelante el señor Ortiz o el apelante, quien nos solicita que revoquemos la *Sentencia Sumaria* emitida por el Tribunal de Primera Instancia, Sala de Caguas, en adelante TPI. Mediante la misma, el TPI desestimó sumariamente la demanda del apelante.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia Sumaria* apelada.

**-I-**

El señor Ortiz presentó una Demanda contra Pep Boys Manny Moe & Jack of PR, en adelante Pep Boys o la apelada, sobre reclamación de salarios por despido

injustificado, represalias, difamación, daños y perjuicios.[1]

Por su parte, Pep Boys presentó su *Contestación a Querella*, en la que alegó que la querella no aduce hechos que justifiquen la concesión de un remedio y no establece un caso *prima facie* de represalias, porque no existe nexo causal entre las acciones imputadas a la apelada y los daños alegados por el apelante.[2] En todo caso, afirmó que el despido fue con justa causa, conforme a lo dispuesto en la *Ley Sobre Despidos Injustificados*, en adelante Ley Núm. 80-1976, porque el señor Ortiz incurrió en un "patrón de violaciones serias a las normas que le habían sido suministradas, las políticas y los procedimientos de la empresa". De modo, que el patrono procedió con el despido para "proteger la operación adecuada y segura del negocio". Además, arguyó que, previo al despido, el apelante recibió advertencias escritas y verbales como parte del proceso de disciplina correctiva y progresiva. A su vez, adujo que el señor Ortiz no participó en una actividad protegida, por lo que la *Ley de Represalias contra el Empleado por Ofrecer Testimonio*, en adelante Ley Núm. 115-1991, no es aplicable al pleito de epígrafe. Así pues, concluyó que el apelante no es merecedor de las partidas reclamadas, las penalidades, ni los honorarios de abogado.

Posteriormente y por las razones esbozadas en la *Contestación a la Querella*, la apelada presentó una *Solicitud de Sentencia Sumaria*.[3]

---

[1] Apéndice del apelante, págs. 1-13.
[2] *Íd.*, págs. 14-31.
[3] *Id.*, págs. 100-137.

En desacuerdo, el señor Ortiz presentó una *Oposición a Solicitud de Sentencia Sumaria*, en la que adujo que Pep Boys nunca anejó política alguna a su solicitud de sentencia sumaria que establezca que el aquí compareciente violó alguna norma o procedimiento que justifique su despido.[4] También, alegó que no hizo declaraciones deshonestas y falsas sobre las transacciones de la cuenta de Sabor Taíno. Así pues, reafirmó las expresiones vertidas en su declaración jurada, a saber, que no hizo el cambio de las 20 carpas, ni autorizó y/o solicitó que la deuda de Sabor Taíno se transfiriera a A&R. Además, señaló que, de haber cometido las infracciones alegadas por la apelada, Pep Boys no aplicó sus políticas de manera uniforme porque solo despidió al señor Ortiz y no a otros empleados que incurrían en las mismas prácticas. Finalmente, sostuvo que la disciplina progresiva, así como el despido, constituyeron actos de represalias contra el apelante. Argumentó que conforme surge de su testimonio bajo juramento, presentó dos querellas contra el supervisor directo, quien lo llamó "en evidente estado de embriaguez" y le gritó de manera continua. Según el señor Ortiz, al presentar las querellas, participó de varias actividades protegidas por la Ley Núm. 115-1991 y aunque pasaron 5 meses desde que presentó las querellas y el despido, existe nexo causal entre estos eventos. En último lugar, destacó que, a pesar de que la persona a cargo de la investigación en Pep Boys determinó que las razones del despido son ciertas, estas podrían estar basadas

---

[4] *Id.,* págs. 830-1197.

en evidencia y testimonios falsos, y podrían ser contrarias al marco legal de la Ley Núm. 80-1976.

Luego que el señor Ortiz presentara una oposición a sentencia sumaria, que incluyó una declaración jurada,[5] y Pep Boys se opusiera a la misma[6], el TPI desestimó con perjuicio la demanda[7]. Estimó que había 125 hechos que no estaban en controversia y determinó lo siguiente en cuanto a la justificación del despido:

> De la investigación interna de la empresa, surgió que el señor Ortiz Ruiz les había ordenado y autorizado a los empleados de la tienda a facturar mercancía del cliente Sabor Taíno en la cuenta de A&R. Lo anterior significa que se consignó información falsa en documentos de la empresa, lo cual representa un acto de deshonestidad. Surgió, además, que el señor Ortiz Ruiz instruyó al personal de la tienda a dividir la transacción de las carpas de Sabor Taíno en varias máquinas y se facturaron; que la práctica de dividir las transacciones venía ocurriendo; que el señor Ortiz Ruiz no reportó lo anterior, ni impartió medida disciplinaria alguna a algún empleado de la tienda por el procesamiento de las transacciones en controversia. Puntualizamos que, durante la investigación realizada por Pep Boys, el empleado José Roldán declaró que "si hay poco crédito, se dividen las transacciones para ayudar al cliente" y que fue el señor Ortiz Ruiz quién "le dio instrucciones para hacer el "Split" de la transacción". La práctica de dividir las transacciones tiene el efecto directo de burlar el límite del crédito del cliente, lo cual conlleva un riesgo económico para la compañía, como resultado de una actuación deshonesta realizada por su empleado.[8]

Por otro lado, el foro recurrido declaró no ha lugar la causa de acción de represalias. Ello porque enviar un mensaje de WhatsApp al presidente de Pep Boys solicitando ayuda sobre asuntos relacionados con baterías de automóviles no es una actividad protegida bajo la Ley Núm. 115-1991. Además, no se configura el requisito de temporalidad que exige la causa de acción de represalias porque la alegada acción protegida se

---

[5] *Id.,* págs. 830-1197.
[6] *Id.,* págs. 1198-1278.
[7] *Id.,* págs. 1347-1370.
[8] *Id.,* págs. 1365-1366.

ejecutó el 5 de junio de 2021 y el despido ocurrió el 26 de noviembre de 2021.[9]

Además, para el TPI, tampoco se configuró la causa de acción de represalias las medidas disciplinarias aplicadas al señor Ortiz, luego de que, el 8 de agosto de 2021, presentara una queja ante Recursos Humanos en contra de su supervisor. Para el tribunal sentenciador, dichas acciones disciplinarias fueron conformes a la política de la apelada y no establecieron un nexo causal entre la actividad protegida y la acción adversa.[10]

En desacuerdo, el apelante presentó una solicitud de determinaciones de hechos adicionales y reconsideración[11], a la que se opuso Pep Boys[12] y que el TPI declaró no ha lugar[13].

Aún inconforme, el señor Ortiz presentó una *Apelación* en la que invoca la comisión de los siguientes errores:

> ERRÓ EL TPI AL NO DETERMINAR COMO HECHOS PROBADOS AQUELLOS HECHOS INCONTROVERTIDOS PRESENTADOS POR EL OBRERO DESPEDIDO EN SU OPOSICIÓN A LA SENTENCIA SUMARIA. DE HABER DETERMINADO COMO HECHOS PROBADOS LOS MISMOS, ERA MÁS QUE EVIDENTE QUE PROCEDÍA DECLARAR SIN LUGAR LA SENTENCIA SUMARIA.
>
> ERRÓ EL TPI AL UTILIZAR EVIDENCIA INADMISIBLE COMO BASE PARA DESESTIMAR SUMARIAMENTE LA DEMANDA COMETIENDO ERROR MANIFIESTO EN DARLE CREDIBILIDAD A DECLARACIONES NO JURADAS INADMISIBLES.
>
> ERRÓ EL TPI AL NO ADMITIR NI CONSIDERAR, NI SIQUIERA MENCIONAR, LA EXISTENCIA DE LA DECLARACIÓN JURADA DE UNA EMPLEADA DE LA DEMANDADA DE NOMBRE GERALIS DÍAZ PRESENTADA COMO EVIDENCIA EN LA OPOSICIÓN DEL OBRERO DESPEDIDO A LA SENTENCIA SUMARIA CUANDO LA MISMA CREABA UNA EVIDENTE CONTROVERSIA DE HECHOS SOBRE LA PROCEDENCIA DEL DESPIDO, DEMOSTRANDO QUE EL TPI COMETIÓ ERROR MANIFIESTO EN DARLE CREDIBILIDAD A CIERTAS DECLARACIONES NO JURADAS DESHECHANDO LA

---

[9] *Id.,* pág. 1367.
[10] *Id.,* págs. 1369-1370.
[11] *Id.,* págs. 1378-1407.
[12] *Id.,* págs. 1410-1416.
[13] *Id.,* pág. 1417.

DECLARACIÓN JURADA QUE REFUTABA LAS DECLARACIONES NO JURADAS.

ERRÓ EL TPI AL DESESTIMAR SUMARIAMENTE LA RECLAMACIÓN DE DESPIDO INJUSTIFICADO A PESAR DE LA EVIDENTE CONTROVERSIA DE HECHOS SOBRE LA PROCEDENCIA DEL DESPIDO.

ERRÓ EL TPI AL DESESTIMAR SUMARIAMENTE LA RECLAMACIÓN DEL OBRERO DESPEDIDO SOBRE REPRESALIAS A PESAR DE QUE SE DEMOSTRÓ LA EXISTENCIA DE UNA [*SIC.*] CASO PRIMA FACIE DE DESPEDIDO [*SIC.*] Y QUE LA RAZÓN DADA POR EL PATRONO PARA DESPEDIR AL OBRERO ES UN PRETEXTO.

ERRÓ EL TPI AL CONCEDER COMO COSTAS LA CANTIDAD TOTAL DEL GASTO DE LAS DOS SESIONES DE DEPOSICIONES TOMADAS AL OBRERO DESPEDIDO. [*SIC.*] CUANDO SOLO SE USÓ UNA PARTE ÍNFIMA DE DICHA DEPOSICIÓN PARA DESESTIMAR EL CASO.

Oportunamente, la apelada presentó su alegato.

Luego de revisar los escritos de las partes y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

**A.**

La sentencia sumaria es un mecanismo procesal extraordinario y discrecional, que tiene el propósito de facilitar la solución justa y rápida de los litigios y casos civiles que no presenten controversias genuinas de hechos materiales y que, por lo tanto, no ameritan la celebración de una vista en su fondo.[14] Se trata de un mecanismo para aligerar la tramitación de un caso, cuando de los documentos que acompañan la solicitud surge que no existe disputa sobre algún hecho material y lo que procede es la aplicación del derecho.[15]

---

[14] *Aponte Valentín v. Pfizer Pharmaceuticals, LLC*, 208 DPR 263, 277-279 (2021); *Meléndez González, et al. v. M. Cuebas*, 193 DPR 100, 110-113 (2015); *Reyes Sánchez v. Eaton Electrical*, 189 DPR 586, 594 (2013); *Ramos Pérez v. Univisión de P.R.*, 178 DPR 200, 213 (2010).
[15] *Aponte Valentín v. Pfizer Pharmaceuticals, LLC*, *supra*, págs. 277-279; *Meléndez González v. M. Cuebas*, *supra*, págs. 110-113; *Ramos Pérez v. Univisión de P.R.*, *supra*, pág. 214.

Al respecto, la Regla 36.1 de Procedimiento Civil dispone que un reclamante debe "presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada".[16]

El Tribunal Supremo de Puerto Rico, en adelante TSPR, ha declarado enfáticamente que quien se opone a una solicitud de sentencia sumaria tiene que ceñirse a ciertas exigencias en lo atinente a los hechos.[17] Esto es, recae sobre el oponente la obligación de citar específicamente los párrafos, según enumerados en el escrito de sentencia sumaria, que entiende están en controversia, y para cada uno, detallar la evidencia admisible que fundamenta su alegación, y especificar la página o sección de la evidencia que contradice o refuta el hecho.[18] Además, el oponente puede someter hechos materiales adicionales que alegadamente no están en controversia y que impiden la solución sumaria del conflicto.[19] De así hacerlo, tiene la responsabilidad de, al igual que el proponente, enumerar los hechos en párrafos separados e indicar la pieza de evidencia que sostiene el hecho, con referencia específica a la parte de la evidencia que lo apoya.[20]

A su vez, el TSPR ha reiterado que:

---

[16] Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1.
[17] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 432 (2013).
[18] *Id.*; 32 LPRA Ap. V, R. 36.3 (b)(2).
[19] *SLG Zapata-Rivera v. J.F. Montalvo*, *supra*, pág. 432.
[20] *Id.*; Regla 36.3 (b)(3) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (b)(3).

> La parte que se opone a una Moción de Sentencia Sumaria tiene el deber de presentar una Oposición a la solicitud presentada y de acuerdo con los requisitos de forma que exige la citada Regla 36 de Procedimiento Civil, traer a la atención del Tribunal la evidencia que demuestra que existen hechos materiales en controversia.[21]

Por otro lado, la Regla 36.3 (c) de Procedimiento Civil dispone, que:

> [L]a parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica, como lo haya hecho la parte promovente. [De lo contrario], se dictará la sentencia sumaria en su contra si procede.[22]

También, la Regla 36.5 de Procedimiento Civil establece que: "[l]as declaraciones juradas para sostener u oponerse a la moción se basarán en el conocimiento personal del (de la) declarante.[23] Contendrán aquellos hechos que serían admisibles en evidencia y demostrarán afirmativamente que el(la) declarante está cualificado(a) para testificar en cuanto a su contenido".[24]

En armonía con lo anterior, aquella parte que se oponga a que se dicte sentencia sumaria no puede cruzarse de brazos y descansar en sus alegaciones.[25] No obstante, "la omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática".[26]

Finalmente, en *Meléndez González, et als. v. M. Cuebas, supra,* el TSPR estableció el estándar específico que debe utilizar el Tribunal de

---

[21] *Meléndez González, et al. v. M. Cuebas, supra*, pág. 122.
[22] Regla 36.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (c).
[23] 32 LPRA Ap. V, R.36.5.
[24] 32 LPRA Ap. V, R.36.5; *Roldán Flores v. M. Cuebas,* 199 DPR 664, 677-678 (2018).
[25] *Córdova Dexter v. Sucn. Ferraiuoli*, 182 DPR 541, 556 (2011). Véase, además, *Pepsi-Cola v. Mun. Cidra et al.*, 186 DPR 713, 756 (2012).
[26] *Córdova Dexter v. Sucn. Ferraiuoli, supra*, pág. 556.

Apelaciones para revisar una sentencia sumaria dictada por el Tribunal de Primera Instancia:

> **Primero**, reafirmamos lo que establecimos en *Vera v. Dr. Bravo*, supra, a saber: el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar Solicitudes de Sentencia Sumaria. En ese sentido, está regido por la Regla 36 de Procedimiento Civil, *supra*, y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario. Obviamente, el foro apelativo intermedio estará limitado en el sentido de que no puede tomar en consideración evidencia que las partes no presentaron ante el Tribunal de Primera Instancia y no puede adjudicar los hechos materiales en controversia, ya que ello le compete al foro primario luego de celebrado un juicio en su fondo. La revisión del Tribunal de Apelaciones es una *de novo* y debe examinar el expediente de la manera más favorable a favor de la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor.

> **Segundo**, por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia Sumaria como su Oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra*, y discutidos en *SLG Zapata-Rivera v. JF Montalvo*, supra.

> **Tercero**, en el caso de revisión de una Sentencia dictada sumariamente, el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, *el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos*. Esta determinación puede hacerse en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.

> **Cuarto**, y por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.[27]

### 1.

Bajo la modalidad de contradicción del "*sham affidavit doctrine*", los tribunales están impedidos de considerar "un testimonio reciente que resulta contrario a una declaración bajo juramento emitida

---

[27] *Meléndez González, et al. v. M. Cuebas*, *supra*, págs. 118-119. (Énfasis en el original).

anteriormente, si no se provee una explicación para la contradicción entre ambas".[28] La norma aplica cuando la declaración inicial contiene respuestas libres de ambigüedades sobre un hecho medular; y la contradicción entre la declaración inicial y la posterior es "manifiesta o patente".[29] Específicamente, el TSPR expresó:

> …juzgamos conveniente aplicar estos principios en aquellas situaciones en que una parte procura ingeniarse supuestos hechos materiales contrarios a un testimonio previo ofrecido bajo juramento, con el propósito de impedir que se dicte sentencia sumaria en su contra.[30]

Mientras, en su modalidad de omisión, esta doctrina implica que una parte está impedida de crear una controversia de hechos al presentar una declaración jurada en apoyo a su oposición a una solicitud de sentencia sumaria que, por omisión o añadidura, contradiga el testimonio previo de dicha parte durante su deposición.[31]

**B.**

La Ley Núm. 80-1976 fue adoptada con el propósito de proteger al obrero que ha sido privado injustificadamente de su trabajo y, a su vez, desalentar este tipo de despido al imponerle al patrono el pago de la indemnización conocida como la mesada. Así pues, este ordenamiento tiene un fin reparador, porque provee remedios justicieros y consustanciales con los daños que puede haberle causado a un empleado el despido injustificado.[32]

Ahora bien, para efectos de la Ley Núm. 80-1976, "[n]o se considerará despido por justa causa aquel que

---

[28] *SLG Zapata-Rivera v. JF Montalvo*, *supra*, pág. 439.
[29] *Id.*, págs. 440-441.
[30] *Id.*, pág. 442.
[31] *SLG Zapata-Rivera v. JF Montalvo*, *supra*, pág. 441.
[32] *Reyes Sánchez v. Eaton Electrical*, supra; *Beauchamp v. Holsum Bakers of P.R.*, 116 DPR 522, 526 (1985).

se hace por mero capricho del patrono o sin razón relacionada con el buen y normal funcionamiento del establecimiento".[33] La política pública que subyace a dicho cuerpo normativo es proteger al obrero y desalentar el despido injustificado.[34] Sin embargo, le reconoce al patrono el derecho a despedir a un empleado siempre que haya justa causa para ello.[35]

**c.**

La Ley Núm. 115-1991 se creó para proteger a los empleados contra las represalias que puedan tomar los patronos en su contra, por ofrecer, o intentar ofrecer, algún tipo de testimonio, expresión o información ya sea verbal o escrita, ante un foro legislativo, administrativo o judicial en Puerto Rico.[36]

El propósito de dicho cuerpo normativo es proteger a los empleados que fueran despedidos, amenazados o discriminados en el empleo, a modo de represalias, por participar en alguna de las actividades protegidas mencionadas anteriormente.[37]

En lo pertinente, la Ley Núm. 115-1991 establece:

> (a) Ningún patrono podrá despedir, amenazar o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, así como el testimonio, expresión o información que ofrezca o intente ofrecer, en los procedimientos internos establecidos de la empresa, o ante cualquier empleado o

---

[33] *Margarita León Torres v. Erasmo Rivera Lebrón*, 204 DPR 20, 38 (2020); *González Méndez v. Acción Social et al.*, 196 DPR 213 (2016). Véase, además el Art. 2 de la Ley Núm. 80, 29 LPRA sec. 185b.
[34] *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 446 (2016); *Izagas Santos v. Family Drug Center*, 182 DPR 463, 480 (2011).
[35] *Díaz v. Wyndham Hotel Corp.*, 155 DPR 364, 377 (2001).
[36] 29 LPRA sec. 194a.
[37] *SLG Rivera Carrasquillo v. AAA*, 177 DPR 345, 366-367 (2009).

representante en una posición de autoridad, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley.

(b)    …

(c)    El empleado deberá probar la violación mediante evidencia directa o circunstancial. El empleado podrá, además, establecer un caso *prima facie* de violación a la ley probando que participó en una actividad protegida por las secs. 194 *et seq*., de este título y que fue subsiguientemente despedido, amenazado o discriminado en su contra de su empleo. Una vez establecido lo anterior, el patrono deberá alegar y fundamentar una razón legítima y no discriminatoria para el despido. De alegar y fundamentar el patrono dicha razón, el empleado deberá demostrar que la razón alegada por el patrono era un mero pretexto para el despido.[38]

Como criterio adicional, debe probarse que la acción adversa del patrono ya sea discrimen, amenaza, alguna sanción o el despido, ocurrió después de la actividad protegida.[39] Es decir, el empleado debe demostrar el nexo causal entre su incursión en la actividad protegida y la actuación adversa del patrono.[40]

Establecido un caso *prima facie* por represalias, corresponde al patrono articular una razón no represiva para la acción adversa.[41] De probar lo anterior, se requerirá del empleado que, por preponderancia de la prueba, se valga de factores adicionales a la proximidad temporal para comprobar que las razones articuladas por el patrono no son más que meros pretextos destinados a ocultar el verdadero ánimo represivo.[42]

Una vez el empleado prueba su caso *prima facie*, el patrono puede rebatir la presunción establecida si

---

[38] Art. 2 de la Ley Núm. 115-1991 (29 LPRA sec. 194a).
[39] *Rentas Santiago v. Autogermana, Inc.*, 182 DPR 759, 766-767 (2011); *Feliciano Martes v. Sheraton*, 182 DPR 368, 395 (2011).
[40] *Rentas Santiago v. Autogermana, Inc.*, *supra*, pág. 767.
[41] *Feliciano Martes v. Sheraton*, *supra*, pág. 400.
[42] *Id.*

alega y fundamenta una razón legítima y no discriminatoria para la acción adversa.[43] Si el patrono cumple con este segundo paso, el empleado debe demostrar que la razón alegada por el patrono es un mero pretexto para la acción adversa.[44]

Finalmente, cabe destacar que "esta disposición no protege a un trabajador por el mero hecho de haber sido objeto de represalias en relación a cómo se desempeña en su empleo. Es decir, la Ley Núm. 115 no protege a los trabajadores contra acciones disciplinarias motivadas por la manera en que éstos ejecutan las funciones de sus puestos".[45]

**D.**

Como norma general, la imposición de las costas se rige por lo dispuesto en la Regla 44.1 de Procedimiento Civil. En lo que nos concierne, esta Regla establece:

(a) *Su concesión*. Las costas serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.

(b) *Cómo se concederán*. La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos para la tramitación del pleito o procedimiento. […] Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. […][46]

Por otro lado, la imposición de costas es

---

[43] *Id.*, pág. 393; 29 LPRA sec. 194a(c).
[44] *Id.*
[45] *SLG Rivera Carrasquillo v. AAA, supra*, pág. 367.
[46] Regla 44.1 de Procedimiento Civil, 32 LPRA Ap. IV, R. 44.1.

mandatoria.[47] No obstante, su concesión no opera de forma automática, ya que tiene que presentarse oportunamente un memorando de costas en el que se precisen los gastos incurridos.[48] Además, el tribunal tiene amplia discreción para evaluar la razonabilidad y determinar la necesidad de los gastos detallados.[49]

Finalmente, tanto el término para presentar el memorando de costas como el que regula su notificación a la parte adversa, son jurisdiccionales.[50]

**-III-**

El apelante alega que el TPI erró al declarar con lugar la solicitud de sentencia sumaria, porque la apelada no controvirtió los 184 hechos fundamentados en declaraciones juradas y evidencia admisible, conforme los parámetros de la Regla 36 de Procedimiento Civil. Además, los hechos en los que Pep Boys fundamentó su petitorio de despacho sumario son inadmisibles en evidencia, ya que aquel utilizó declaraciones escritas no juradas. Sostiene, a su vez, que existe controversia sobre la ilegalidad y fraude de la práctica de dividir transacciones, ya que obra en el expediente prueba que establece que dicha práctica era usual en Pep Boys. Del mismo modo, aduce que existe controversia sobre los hechos relacionados con la práctica de asignar la deuda de un cliente a la cuenta de otro.

Por otro lado, opina que se configuró la causa de acción por represalias porque la apelada incurrió en "disparate treatment" al tomar acción disciplinaria

---

[47] *Maderas Tratadas v. Sun Alliance et al.,* 185 DPR 880, 934 (2012).
[48] *Colón Santos v. Coop. Seg. Mult. PR*, 173 DPR 170 (2008).
[49] *Maderas Tratadas v. Sun Alliance et al., supra,* pág. 935.
[50] *Rosario Domínguez et als. v. ELA et al.,* 198 DPR 197, 217 (2017).

contra el apelante y no contra otros empleados, incluyendo el supervisor de este, que incurrieron también en la práctica de dividir la transacción de un cliente en varias solicitudes de crédito, cuando el límite de crédito es inferior al solicitado. Igualmente, afirma que existe un nexo causal entre la actividad protegida y la acción disciplinaria adversa porque, una vez se querelló contra su supervisor ante Recursos Humanos, se inició un patrón de acciones disciplinarias contra el señor Ortiz que culminaron con su despido. Finalmente, el apelante impugna la imposición de costas por concepto del costo de la totalidad de la deposición que se le tomó. Ello, cuando el TPI a penas la utilizó.

En cambio, Pep Boys arguye que procede confirmar la sentencia sumaria apelada. En su opinión, la misma es cónsona con la doctrina jurisprudencial vigente, que concede deferencia a las decisiones gerenciales sobre el manejo de personal conforme a las normas, políticas y procedimientos del patrono. Además, los hechos propuestos por el señor Ortiz no merecen mayor consideración porque son parte de un "sham affidavit" en el que el apelante afirmó declaraciones inconsistentes con una versión previa de los hechos, sin aclarar a satisfacción del tribunal, las contradicciones entre ambas posiciones. Por el contrario, las declaraciones escritas incluidas en el expediente de la investigación realizada por el patrono son admisibles porque no se ofrecen para aseverar la verdad de su contenido, sino con el propósito de probar que se realizó una investigación formal de las imputaciones contra el apelante. En todo

caso, estas declaraciones son admisibles como récord de negocio para establecer la posición del patrono al momento del despido del apelante.

Debemos añadir, que la apelada entiende que no erró el TPI al no considerar la declaración jurada de la exempleada de Pep Boys, Geraliz Díaz Alicea. Esto es así, porque dicha declaración jurada no fue producida durante el descubrimiento de prueba, se presentó 1 año y 5 meses después de la declaración original en el contexto de la investigación de Recursos Humanos sobre el caso del apelante y no establece conocimiento personal de aquella sobre los hechos de los cuales declara. Tampoco se configuran las causas de acción de despido injustificado y represalias. Respecto a la reclamación de despido injustificado, la apelada entiende que el despido del apelante fue justificado y no represivo, ya que aquel violentó las normas, políticas y procedimientos de Pep Boys. En cuanto a la reclamación de represalias, no se constituyó la causa de acción porque el señor Ortiz no participó en una actividad protegida y tampoco sufrió ninguna acción adversa; en todo caso, "lejos de ser represaliado, al señor Ortiz se le mejoraron sus condiciones laborales". En fin, "como no existe proximidad temporal entre el alegado incidente y el despido del querellante, no existe inferencia de causalidad". Finalmente, Pep Boys opina que el argumento sobre la irrazonabilidad del monto de las costas impuestas no es meritorio. Argumenta que el señor Ortiz aplica un estándar de concesión de costas ajeno a la Regla 44.1(b) de Procedimiento Civil y su jurisprudencia interpretativa. Del mismo modo, arguye

que los gastos relacionados y concedidos por el foro sentenciador fueron razonables y necesarios para prevalecer en el caso de epígrafe.

Al examinar de *novo* la solicitud de sentencia sumaria, sus respectivas oposiciones y la totalidad del expediente en autos, encontramos que no existe controversia sobre los hechos materiales que el foro de instancia dictaminó como incontrovertidos. Por tal razón, en ausencia de hechos controvertidos, evaluamos la aplicación del derecho y colegimos que el foro sentenciador no erró sobre el particular. Veamos.

En primer lugar, la declaración jurada del apelante es un "sham affidavit" en el que constan declaraciones inconsistentes con su versión previa de los hechos, sin proveer una explicación razonable de la inconsistencia.

En segundo lugar, la investigación del patrono confirmó las violaciones de las normas y procedimientos de Pep Boys. A saber, dividir transacciones, cobrar por mercancía vendida, recibir pagos en efectivo y ATH Móvil, y utilizar la tarjeta de crédito personal para realizar pagos a clientes. A nuestro entender, estas prácticas son contrarias a la operación de este tipo de empresa.

De modo que, conforme la evidencia presentada, el despido fue justificado porque el apelante violentó las normas de la empresa, incurrió en conflicto de interés y tuvo problemas de honestidad porque burló los límites de crédito establecidos por el patrono apelado.

En tercer lugar, resulta forzoso concluir que no se configuró la causa de acción de represalias porque

el apelante no realizó una actividad protegida y de haberla realizado, no hubo proximidad causal entre esta y la acción adversa o el despido. Comunicarse con el presidente de la empresa sobre un asunto operacional ordinario, no es una actividad protegida bajo la Ley Núm. 115-1991. Además, la acción de presentar una queja contra su supervisor, ante Recursos Humanos de Pep Boys, no tuvo efecto adverso contra el señor Ortiz. Por el contrario, después de realizar esa actividad protegida, fue asignado a la que él entiende era la mejor tienda de Pep Boys, en Altamira.

Finalmente, el tribunal sentenciador tiene amplia discreción para imponer una cuantía razonable por costas. En tanto el apelante no nos puso en posición de establecer que el foro sentenciador incurrió en abuso de discreción con respecto a la cuantía impuesta, esta decisión amerita nuestra deferencia.

**-IV-**

Por los fundamentos antes expuestos, se confirma la *Sentencia Sumaria* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones